# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ELESHA JACKSON, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**MACON COUNTY SHERIFF'S DEPARTMENT, et al.,**<br><br>**Defendants.** | Case No. 19-2169 |

## REPORT & RECOMMENDATION

This matter is before the Court on the Motion to Compel (#48) filed by Plaintiffs Elesha Jackson, Joann Jackson-Pearson, Crystal Pearson, and Onesha Willingham ("Plaintiffs"). Defendants, including the Macon County Sheriff's Department ("the Department"), filed an Amended Response (#51) in Opposition.[1] With leave of Court Plaintiffs filed a Reply (#52) relating only to Defendants' investigatory stop objection. For the reasons provided below, the Court recommends that Plaintiffs' Motion to Compel (#48) be DENIED.

### I.     Background

Plaintiffs' First Amended Complaint ("Complaint") alleges that Plaintiffs were wrongfully detained when Defendant Officer Hunt stopped Plaintiff Willingham's vehicle. The remaining Plaintiffs were passengers in Willingham's car. Officer Hunt was joined by Officer Wolfe and other unknown police officers. Plaintiffs argue Officer Hunt unlawfully prolonged the stop by walking a drug sniffing canine around the exterior of the vehicle. Plaintiffs' Complaint alleges that Defendants Hunt and Wolfe were acting within the scope of their employment with the Department when they conducted the stop. Plaintiffs maintain that this stop was a routine traffic stop.

---

[1] Defendants filed their original response (#49) on May 20, 2021. They filed a Motion to Withdraw and Substitute Response (#50) on May 21, 2021, which the Court granted.

Defendants argue that the stop was not a routine traffic stop, but an investigatory stop. Defendants agree that Officers Hunt and Wolfe were employed by the Department and acting within the scope of their employment. However, Defendants maintain that Officers Hunt and Wolfe were assigned to the Decatur Police Department street crimes task force as part of an intergovernmental cooperative agreement. Under the agreement, Defendants argue Officers Hunt and Wolfe were working under the command of the Decatur Police Department at the time of the stop because the stop was part of an on-going investigation.

Defendants further explain that Officer Hunt stopped the car as an investigatory stop. Defendants suspected that Willingham was on her way to attend a bond reduction hearing for Charles Drain. Based on monitored jailhouse calls between Drain and Willingham, officers believed Willingham was planning to secure a bond for Drain using proceeds of illegal drug activity. Prior to the stop, Officer Hunt applied for and was granted a ping order on Willingham's phone to track her whereabouts while she was on her way to the bond reduction hearing.

Plaintiffs' Complaint argues in part that Defendant Officers detained Plaintiffs because Willingham is an African-American woman and that Defendants' actions were motivated by race in violation of the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983. Plaintiffs raise a *Monell* claim, arguing that the Department had in place a policy, practice, or custom of discriminating against minorities during traffic stops. *Monell v. Department of Social* Services, 436 U.S. 658 (1978). Plaintiffs' Motion to Compel seeks documents related to the Department's historical traffic stops, categorized by race of the driver of the vehicle.

**II.     Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Peppers v. Credit One Bank, N.A.*, 2018 WL 8244003 (C.D. Ill. Dec. 21, 2018)(quoting *Openheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). The district court exercises significant discretion in ruling on a motion to compel. *Gile v. United Airlines*, 95 F.3d 492, 495-496 (7th Cir. 1996). It may grant or deny the motion in whole or in part. *Id*. In exercising its discretion, the district court may deny discovery to protect a party from undue burden. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998).

### III.    Rule 37's Meet and Confer Requirement

Federal Rule of Civil Procedure 37(a) provides:

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has *in good faith* conferred or attempted to confer with the person or party failing to make disclosure or discovery to attempt to obtain it without court action.

A good faith effort to resolve a discovery dispute "requires that counsel converse, confer, compare views, consult and deliberate." *Design Basics, Inc. v. Granite Ridge Builders, Inc.*, 2007 WL 1830809, *1 (N.D. Ind. June 21, 2007) (quoting *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000)). "The requirement to meet-and-confer must be taken seriously, as 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Id*. (quoting *Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006)).

Plaintiffs failed to meet and confer in a good faith attempt to resolve this dispute. On April 19, 2021, Plaintiffs' counsel sent an email to defense counsel. Defendants' Exhibits, #51, page 50. Plaintiffs' email started by stating, "This is my attempt to confer

3

in accordance with the local rules regarding discovery disputes." After arguing that Defendants' objections were frivolous, Plaintiffs ended the curt email by stating "You have 48 hours to submit supplemental answers or I am filing a motion to compel and seeking costs and attorneys fees."

Defendants responded on April 20, 2021. Defendants' Exhibits, #51, page 49. Defendants explained their irrelevancy objection. Defense counsel indicated to Plaintiffs that he attempted to consult with Plaintiffs' counsel by phone prior to answering discovery, but Plaintiffs' counsel did not return the voicemail. Defendants offered to set up a status call with Judge Long to discuess the dispute.

Plaintiffs responded a short time later on April 20, 2021, stating that Defendants argument was "untenable" and that "it is obvious that we will not be able to resolve this issue absent court intervention." Defendants' Exhibits, #51, page 49.

Rule 37 requires that the movant confer in good faith with the party failing to make the disclosure. Plaintiffs have not shown a good faith effort to confer. Plaintiffs' footnote 5 states:

> While the initial email may have been brisk, this is due to the unreasonableness of Macon County Sheriff's Department's objection and refusal to provide the documents. The parties subsequently discussed the issue during a break in a deposition and during the Court's status hearing, thus satisfying the requirement that the parties attempt to resolve it in good-faith without having to engage in motion practice.

Plaintiffs' Motion to Compel, #48, p. 10, n.5.

There is no evidence that the parties conversed, conferred, compared views, consulted, or deliberated about the dispute. *See Design Basics, Inc. v. Granite Ridge Builders, Inc.*, 2007 WL 1830809, *1 (N.D. Ind. June 21, 2007). Plaintiff may describe the initial email as "brisk," but it is better described as unprofessional. Federal law requires a good faith effort to resolve a discovery dispute. Accusing opposing counsel of a frivolous objection, demanding full compliance within 48 hours, then offering a status call with the Court does not satisfy that simple (and quite low) standard. While such "brisk" communication may be condoned or tolerated by other courts, it is unacceptable

before this one. Counsel's conduct has been duly noted, and any future "brisk" communications will result in sanctions, whether that unprofessionalism appears in this case or another.

While Plaintiffs failed to fulfill the requirements of Rule 37(a), it is apparent the parties will be unable to resolve this dispute without Court involvement.[2] Denying the motion to compel on this ground alone would be a waste of the parties' and the Court's resources.

### IV.   Analysis

Plaintiffs' Motion seeks to compel responses to Plaintiffs' Second Set of Interrogatories and Second Set of Requests to Produce. Specifically, Plaintiffs seek documents responsive to the following requests:

1. Please identify the number of traffic stops effected by the Macon County Sheriff's Department from January 2015 to the present, divided by the ethnicity of the driver of the vehicle.

2. Please identify the number of traffic stops effected by the Macon County Sheriff's Department from January 2015 to the present when a drug-sniffing canine was requested and performed an exterior sniff of the vehicle involved in the traffic stop, divided by the ethnicity of the driver of the vehicle.

3. Please identify the number of times the drug-sniffing dog alerted to the presence of narcotics during the sniff test of a vehicle involved in a traffic stop from January 2015 to the present, divided by the ethnicity of the driver of the vehicle.

4. In June 2019, the Macon County Sheriff's Department identified the amount of funds confiscated by the Macon County Sheriff's Department pursuant to 725 ILCS 150/1 *et seq*, which was recovered from sixty (60) people. Bates PLTF 40. Please identify (1) the name and ethnicity of the individual who had funds confiscated, (2) the date the funds were confiscated, (3) the amount of funds confiscated from that individual, (4) the officer(s) who were involved in the confiscation of funds, (4) whether a drug-

---

[2] Indeed, this is the only reason counsel for Plaintiffs was not sanctioned for the unprofessional communication.

> sniffing canine was involved in the confiscation of funds, and (5) whether the funds were confiscated during a vehicle stop.

Plaintiffs Elesha Jackson's Second Set of Interrogatories, #48, Exhibit A, p. 1-2.

Defendants objected to each of Plaintiffs' Interrogatories 1-4 with the same response:

> Defendant Objects to Interrogatory #1 as, upon information and belief, the Macon County Sheriff's Department was not the controlling entity that effectuated the traffic stop and seized Plaintiff Willingham's money. Therefore, this interrogatory requests information not reasonably related to the discovery of admissible evidence.

Macon County Sheriff's Department's Answer to Second Set of Interrogatories, #38, Exhibit C.

Plaintiffs' Requests for Production sought documents relating to the above listed Interrogatories. Plaintiff Elesha Jackson's Second Set of Requests for Production, #38, Exhibit B. Defendants responded to the Requests for Production with this objection:

> This Defendant objects to Request #1 as, upon information and belief, the Macon County Sheriff's Department was not the controlling entity that effectuated the traffic stop and seized Plaintiff Willingham's money. Therefore, this interrogatory [sic] requests information not reasonably related to the discovery of admissible evidence.

Macon County Sheriff's Department's Answer to Second Set of Requests for Production, #48, Exhibit D.

Defendants' Response further argues that discovery related to the Department's prior traffic stops is irrelevant to Plaintiffs' claims because this case arose from an investigatory stop, not a traffic stop. According to Defendants, the stop was investigatory because the officers stopped Plaintiff Willingham as part of an investigation into drug proceeds through monitored jailhouse calls and the ping order.

The discovery to date shows that in response to the recorded jailhouse calls, Defendant Hunt obtained a ping order to track Plaintiff Willingham and followed her car. Defendant Hunt stopped her vehicle and used a drug sniffing canine to investigate the information obtained in the recordings. *See* Hunt Deposition, #52, Exhibit 1, p. 53,

58, 121. This distinction is important because Plaintiffs' discovery requests seek information relating to their claim that the Department had a policy, practice, or custom of discriminating against minorities in traffic stops. Based on discovery to date, Plaintiff Willingham's car was stopped because of the ongoing investigation into the information obtained from the recorded jailhouse calls, not because of the traffic violation.[3]

Plaintiffs initially argue that Defendants waived this objection by not including it in their objections to Plaintiffs' Interrogatories and Request for Production. Under Fed. R. Civ. P. 33, "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. 33(b)(4). The Rule further requires that any objection "must be stated with specificity." Fed. R. Civ. 33(b)(4).[4]

Defendants' objection stated, "Macon County Sheriff's Department was not the controlling entity that effectuated the traffic stop." Presumably, Plaintiffs believe that Defendants waived the objection because they did not specifically explain that their objection was based on the investigatory nature of the stop. Defendants' objection that the Macon Count Sheriff's Department was not the controlling entity of the stop was sufficient to put Plaintiffs on notice of Defendants' objection as to the manner of the stop. Plaintiffs bypassed any opportunity for Defendants to further explain this objection when Plaintiffs' counsel refused to return defense counsel's call and ignored defense counsel's requests to take Defendants' depositions prior to seeking court intervention. Defendants' Exhibits, #41, page 49-50. Plaintiffs cannot now use their own failure to meet and confer as a basis for arguing that Defendants' objection was not specific enough. Defendants did not waive their objection.

Plaintiffs maintain that their case is about the pattern of discrimination in the Department's traffic stops. Plaintiffs' Complaint alleges:

---

[3] Plaintiffs cite to Defendant Hunt's deposition where he stated that this was a traffic stop and that a traffic warning was given. Hunt Deposition, #52, Exhibit 1, p. 84, 87, 96. Regardless of the name used to describe the stop, this stop is easily distinguishable from routine traffic stops. Here, Defendant Hunt followed Plaintiffs using a ping order and stopped Willingham's car for a traffic violation in order to investigate the information obtained from the recorded jailhouse calls.

[4] Rule 34 also requires the party to "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34.

> Macon County Sheriff's Department had in place a policy, practice, or custom of discriminating against minorities during traffic stops. This discrimination manifested itself through the Macon County Sheriff's Department's policy, practice, or custom of utilizing drug-sniffing dogs in a disproportional amount of traffic stops involving minority drivers compared to traffic stops involving white drivers.

Plaintiffs' First Amended Complaint, p. 10.

As Plaintiffs note, Rule 26(b) allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Supreme Court has explained, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheim Fund Inc., v. Sanders*, 437 U.S. 340, 351 (1978).

"But discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). "The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Bierk v. Tango Mobile, LLC*, 2021 WL 1837376, at *2 (N.D. Ill. May 7, 2021). Instead, "Parties are entitled to a reasonable opportunity to investigate the facts-and no more. *Vakharia v. Swedish Covenant Hosp.*, 1194 WL 75055, at *2 (N.D. Ill. March 9, 1994). "Courts need not authorize additional discovery based on nothing more than 'mere speculation' that would 'amount to a fishing expedition'." *Illinois Extension Pipeline Co., LLC v. Thomas*, 2016 WL 1259379, at *5 (C.D. Ill. Mar. 1, 2016) (citing *Davis v. G.N. Mortgage Co.*, 396 F.3d 869, 885 (7th Cir. 2005)). The discovery rules "were never intended to be an excursion ticket to an unlimited exploration of every conceivable matter that captures an attorney's interest." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 721 (N.D. Ill. 2014).

Whether a discovery request is relevant to Plaintiffs' claims is not based solely on Plaintiffs' Complaint. Indeed, "Relevance is not inherent in any item of evidence, but exists only as a relation between an item of evidence and the matter properly provable

in the case." *Miller UK Ltd.,* 17 F. Supp. 3d at 722 (N.D. Ill. Jan. 6, 2014). In this case, discovery to date has defined and clarified the issues. *Oppenheim Fund Inc., v. Sanders*, 437 U.S. at 351. Initial discovery revealed the officers' motivation in stopping Plaintiff Willingham's car was not a random traffic stop but instead a targeted investigative stop. *See* Hunt Deposition, #52, Exhibit 1, p. 62 (explaining that the task force's plan was to track Plaintiff Willingham's location using the ping order and then once she arrived in Macon County stop her on any traffic violation to "investigate[] further from there."). The Department's historical data on routine traffic stops has no relationship to this particular traffic stop that was done as part of the investigation into Plaintiff Willingham and the drug proceeds. Plaintiffs' request is based on "mere speculation" that the Department has a discriminatory policy. Allowing Plaintiffs unlimited access to explore this speculation would create an undue burden on Defendants.

Additionally, Plaintiffs seek documents from Defendant Macon County Sheriff's Department, while discovery to date shows that Defendant Officers, while employed with the Department, were working for the street crimes task force under the direction of the Decatur Police Department. *See* Hunt Deposition, #52, Exhibit 1, p. 25-34. The fact that Plaintiffs seek documents from an entity different than the one that directed the stop further separates the events of this case from the discovery sought. Moreover, the purported delay and use of the canine were all in furtherance of the on-going investigation by the task force.

The Court recognizes that the burden is on Defendants to prove that the discovery should be disallowed. *See Oppenheim*, 437 U.S. at 351. In fact, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* (citations omitted).

Defendants met this burden here. Not only are the requested information and documents irrelevant to the facts of this specific case, but the requests are not proportional to the needs of the case. The discovery Plaintiffs seek is voluminous and

compliance would cause an enormous cost to Defendants. Plaintiffs ask for the details of every traffic stopped issued by the Department over a six-year period. Plaintiffs further ask the Department to separate and organize the data based on Plaintiffs' stated preferences. The burden of producing this number of documents, in light of the facts arising in discovery, outweighs any probative value that may exist from any marginal relevance.

The Supreme Court has cautioned that "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Additionally:

> Failure to exercise that control results in needless and enormous costs to the litigants and to the due administration of justice. Judicious use of the court's case-management authority during the litigation can help to check over-lawyering, and setting appropriate limits on discovery can effectively channel the efforts of counsel *before* excessive time and resources are expended.

*Sapia v. Bboard of Education of the City of Chicago* , 2017 Wl 2060344, at *2 (N.D. Ill., May 15, 2017) (citing *Montanez v. Simon,* 755 F.3d 547, 552 (7th Cir. 2014)).

The Court finds it necessary to exercise control here to prevent "an unlimited exploration [into a] matter that captures [the] attorney's interest." *Miller UK Ltd*, 17 F. Supp. 3d at 721. For these reasons, Plaintiffs' discovery requests are not proportional to claims at issue in this case. Plaintiffs' requests call for extensive and costly production. By denying Plaintiffs' Motion to Compel, the Court is "setting appropriate limits on discovery [to] effectively channel the efforts of counsel *before* excessive time and resources are expended." *Id.* (emphasis in original).

V.   **Conclusion**

For these reasons, the Court recommends that Plaintiffs' Motion to Compel (#48) be DENIED in its entirety and Plaintiffs' request for costs and fees be denied.[5] The

---

[5] The Court recognizes the denial of Plaintiff's Motion to Compel prevents Plaintiffs from discovery into their *Monell* claim, where they argue that the Department had in place a policy, practice, or custom of discriminating against minorities during traffic stops. This ruling has a similar effect to the denial of a dispositive motion, so a report and recommendation is appropriate. *See Retired Chicago Police Ass'n v. City*

10

Court cautions Plaintiffs that filing future motions to compel without first fulfilling Rule 37's obligation to meet and confer *in good faith* will result in sanctions.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 11th day of June, 2021.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

---

*of Chicago*, 76 F.3d 856, 868 (7th Cir. 1996) (requiring a report and recommendation when granting or denying a request for sanctions: "[a]lthough an award under Rule 11 is conceptually different from a decision on the merits, it requires one party to pay money to another; the denial of a request for sanctions has an effect similar to the denial of a request for damages. The power to award sanctions, like the power to award damages, belongs in the hands of the district judge.").